IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOEL W. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV-08-334-FHS |
| | ) | |
| SHERIFF RUDY BRIGGS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, Joel Allen, moved the Court for leave to proceed *in forma pauperis* on his civil rights complaint against the above-named Defendant. Plaintiff submitted his affidavit in support of his motion to proceed *in forma pauperis*. Having reviewed the motion and affidavit, the Court found Plaintiff was entitled to proceed *in forma pauperis* in the prosecution of this action. Plaintiff's Motion for Leave to Proceed *in forma pauperis* was granted.

The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to afford indigent litigants with the ability to meaningfully access the federal courts. Neitzke v. Williams, 490 U.S. 19, 324 (1989). The ability to file a case under this statute, however, is not without limitations. Because an indigent litigant utilizing the *in forma pauperis* statute lacks any economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits, Congress has authorized federal courts to dismiss any claim if satisfied that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Typically, a dismissal on these grounds is "made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering

1

such complaints." Neitzke 490 U.S. at 324.

A court may dismiss an *in forma pauperis* suit if "it lacks an arguable basis either in law or in fact." Id. at 325. With respect to factual frivolousness, courts are authorized to dismiss such suits "only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.' Jolly v. Klein, 923 F.Supp. 931, 942 (S.D. Tex. 1996)(quoting Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). To sustain a dismissal for frivolousness the facts must "rise to the level of the irrational or the wholly incredible." Jolly, 923 F.Supp. at 942. Dismissal is not warranted "simply because the court finds the Plaintiff's allegations unlikely." Id. at 942-43.

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992).

Plaintiff alleges that his rights have been violated based on the following: (1)defendants hid exculpatory evidence so he could not get it tested; (2) defendants cohereced witnesses (3)defendants failed to give jurors "not guilty" forms; and (4)the "pink elephant theory".

Plaintiff fails to explain his claims. He does not tell the court which defendant committed which violation or when these violations occurred. He never identifies what constitutional rights were violated. His complaint is a laundry list of complaints but

2

he fails to explain how this states a claim for a constitutional violation. The court has already allowed the plaintiff to amend once and does not see that allowing plaintiff another chance to amend will assist him in making his claims. The court finds that plaintiff's amended complaint is frivolous.

The Court concludes the allegations contained in Plaintiff's complaint, authorize the Court to dismiss Plaintiff's complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). The complaint is devoid of any factual data linking Defendant to Plaintiff's perceived persecution, much less to any recognizable legal theory of recovery. Plaintiff's complaint is nothing more than inflammatory rhetoric. Whether viewed as a whole or individually as to the specifically pled legal theories, Plaintiff's complaint is "clearly baseless" in the sense that the allegations are fanciful, fantastic, and delusional. Jolly, 923 F.Supp. 942. Consequently, the Court is compelled to dismiss this action as frivolous.

Based on the foregoing reasons, the Court finds Plaintiff's complaint frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i) and orders this action dismissed in its entirety.

**IT IS SO ORDERED** this 18th day of March, 2009.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma